HABICHT, BRAUN & CO. v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. January 3, 1910.)

Nos. 5,245, 5,246.

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—PRESERVED FRUIT—"PRESERVED"—"PREPARED"—"PRESERVATION"—"PREPARATION."

The process of hermetically sealing fruit in tin cans, thus preserving it from decay until the cans are opened, constitutes "preservation," rather than "preparation"; and fruit pulp that has been cooked and subjected to such sealing process is dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), as fruit "preserved * * * in its own juices," rather than under paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), as fruit "prepared in any manner."

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*

For other definitions, see Words and Phrases, vol. 6, p. 5515.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below (G. A. 6,726 [T. D. 28,799]) affirmed the assessment of duty by the collector of customs at the port of New York. The opinion filed by the Board of General Appraisers reads as follows:

WAITE, General Appraiser. The merchandise involved in these cases consists, according to the appraiser's finding and the testimony of the examiner, of apricot and strawberry pulp, being the flesh of apricots and strawberries reduced to a pulp and preserved in their own juices by cooking and hermetical sealing in tin cans holding five kilos, or about one gallon, each. These goods were returned as "fruit in own juice," and assessed accordingly at one cent

per pound and 35 per cent. ad valorem, under. Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 263, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), which paragraph reads:

"263. Comfits, sweetmeats, and fruits preserved in sugar, molasses, spirits, or in their own juices, not specially provided for in this act, one cent per pound and thirty-five per centum ad valorem; if containing over ten per centum of alcohol and not specially provided for in this act, thirty-five per centum ad valorem and in addition two dollars and fifty cents per proof gallon on the alcohol contained therein in excess of ten per centum; jellies of all kinds, thirty-five per centum ad valorem; pineapples preserved in their own juice, twenty-five per centum ad valorem."

The importers make several claims.  *  *  *  The remaining claim made by the importers is that, according to the decision in Causse Manufacturing Co. v. U. S., 80 C. C. A. 461, 151 Fed. 4, T. D. 27,751, the commodity is dutiable at 2 cents per pound under paragraph 262, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1651), which is as follows:

"262. Apples, peaches, quinces, cherries, plums, and pears, green or ripe, twenty-five cents per bushel; apples, peaches, pears, and other edible fruits, including berries, when dried, desiccated, evaporated, or prepared in any manner, not specially provided for in this act, two cents per pound; berries, edible, in their natural condition, one cent per quart; cranberries, twenty-five per centum ad valorem."

Were it not for the decision in the Causse Case, supra, we think there would be no question but that the decisions of the courts and the Board would sustain the government's contention.

In the case of Johnson v. U. S. (C. C.) 66 Fed. 725, Judge Coxe held that pineapples, which had been peeled, sliced, and placed in cans filled with cold water and hermetically sealed, were "fruits preserved in their own juices," as provided for in Tariff Act Oct. 1, 1890, c. 1244, § 1. Schedule G, par. 304, 26 Stat. 587. He said: "The proof here is  *  *  * that the pineapple is sliced, peeled, and put in cold water; and the juice of the pineapple, to a certain extent at least, permeates the water. As the district attorney says, if this be not fruit preserved in its own juice, it is difficult to see what Congress meant by the provision in question."   The Circuit Court of Appeals affirmed this in 25 C. C. A. 298, 79 Fed. 996.

In United States v. Johnson, 153 Fed. 164, 81 C. C. A. 416, T. D. 27,830, the commodity was pineapples, and the court used the following language: "In the case at bar the preservative qualities are found in the juice itself, the boiling of the pineapple in the juice, and the hermetically sealing of the contents in tin cans."

In United States v. Rosenstein, 90 Fed. 801, the Circuit Court classified prunes boiled in water and pressed through a colander, without the addition of sugar and other material, as "fruits preserved in their own juices," under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule G, par. 219, 28 Stat. 524.   Paragraph 304 of the tariff act of 1890 and paragraph 219 of the act of 1894 provide for "fruits preserved in their own juices."   The Board has held orange pulp and raspberry bulp, put up without added preservatives, to be "fruits preserved in their own juice."   In re Sheldon, G. A. 4,749 (T. D. 22,436); In re Curtice, G. A. 5,205 (T. D. 23,987).

The decision of the United States Circuit Court of Appeals in United States v. Reiss & Brady, 69 C. C. A. 393, 136 Fed. 741, T. D. 25,946, involved figs put up in various forms—some in spirits, some in sugar or molasses, some in their own juice, and some in juice flavored with maraschino.   In holding them all dutiable under paragraph 263, the court said: "We are satisfied that fruits preserved in sugar, in spirits, in juice, etc., are known commercially as a class by themselves; the various fruits which that class includes being prepared for the particular use and put up in the particular form, which use and form constitute the distinctive characteristics of the category for which those fruits are prepared.   Upon that class, as a class well known commercially, Congress has imposed duty by paragraph 263."

We note that the Causse Case, supra, was decided by the same court which rendered the decision just quoted in support of the government's contention, and no direct reference is made to the fact that they intend to overrule any

previous decision. The Causse Case relates to cherries which have been pitted, washed, exposed to sulphur fumes, and packed in casks containing a very weak saline solution, intended merely to preserve the fruit from decay while in transit; the commodity being immediately used for the manufacture of other products, after washing out the salt and sulphur and reducing the cherries as nearly as possible to their previous condition. In that case the cherries were held to be assessable under paragraph 262, as against the contention that they were dutiable under paragraph 263. The court used the following language in its decision: "We are satisfied that the importations were not within the description of paragraph 263. That paragraph is intended to apply to fruits which have been 'preserved'—that is, treated so as to become a preserve or comfit—and not to such as merely remain temporarily in their natural juices. As this court pointed out in United States v. Reiss, 69 C. C. A. 393, 136 Fed. 741, T. D. 25,946, the paragraph refers to a class of goods which are commercially known and dealt in as preserved fruits. In the case of the present importations the fruit was not in any just sense preserved in its own juices; indeed, the juices which were retained in it only tended to produce its decay, and this effect was minimized as far as practicable by the treatment with sulphur and salt water. * * * In our judgment they fall within the more specific description of paragraph 262, and were dutiable as 'cherries' under the first part of that paragraph, or as 'edible fruits * * * prepared in any manner,' under the latter part. The first part would seem intended to apply to the fruits, ripe or unripe, specifically mentioned therein, when imported in their natural state. The latter part appropriately refers to the same fruits when something has been done to them to prepare them better for preservation, and which may consist either in drying, evaporating, or desiccating them, or in preparing them in any other manner."

It will be seen that the commodity involved in the Causse Case is not similar to the product before us in this case. It would be entirely inapplicable for the the court to say of the goods here in question that they were "such as merely remain temporarily in their natural juices," or that they were "not in any just sense preserved in their own juices," or that they were fruits to which "something has been done to prepare them better for preservation." If the court intended to exclude from paragraph 263 the large class of preserved fruits of which the apricot pulp and the strawberry pulp here involved are samples, such intention must be found to be expressed in the following quotation from the decision in the Causse Case: "That paragraph is intended to apply to fruits which have been 'preserved'—that is, treated so as to become a preserve or comfit—and not to such as merely remain temporarily in their natural juices. As this court pointed out in United States v. Reiss, 69 C. C. A. 393, 136 Fed. 741, T. D. 25,946, the paragraph refers to a class of goods which are commercially known and dealt in as preserved fruits."

Whether it was so judgment depends in our judgment largely upon the comprehensiveness of the word "preserved." It is entirely consistent with the decision quoted from and the previous decisions to hold that the court intended that the word "preserved" should include that large class of goods known as canned fruits, or fruits preserved in a permanent manner for use at some distant future time, as distinguished from those which are preserved temporarily to arrest decay in transit, as were the cherries in the Causse Case. Any other construction would render nugatory the provision in paragraph 263 for "fruits preserved * * * in their own juices," and make meaningless the expression in the decision "not to such as merely remain temporarily in their own juices."

Judge Lacombe, in Levy v. Robertson (C. C.) 38 Fed. 715, said: "A comfit, according to the dictionary, is a dried sweetmeat; any kind of fruit or root preserved with sugar and dried. A sweetmeat is a fruit preserved with sugar, but not necessarily dried. What would be a sweetmeat becomes a comfit, if it is not only preserved with sugar, but is also dried." Here we see that "sweetmeat," as a broader term, includes comfits, and would probably include "preserves," shown to be a fruit preserved with high percentages of sugar, usually according to the receipt of the housewife, pound for pound. But all these are clearly distinguished from that large class of commodities, which, we think, were intended to be covered by paragraph 263 and are known as "canned

fruits," including fruits put up in a light sirup, or in water without the addition of sugar, and fruits, or fruit pulp, as in this case, put up in their own juices without the addition of sugar or water. These are not "preserves," but are clearly "preserved," and permanently so, by the action of heat and hermetical sealing. It may be said that they are not fruits preserved in sugar; but we think they are fruits preserved in their own juices. Unless this contention prevails, we find no provision which would cover fruits preserved in their own juices, unless they are termed fruits which "merely remain temporarily in their natural juices," according to the language of the Causse Case; and instead of being "preserved," they could be deemed only "prepared," for it will be noted that paragraph 263 provides for "fruits preserved," and paragraph 262 for "fruits prepared."

The construction which we have placed upon the Causse Case is, we think, the only one which can give force and effect to both paragraphs 262 and 263, and avoids the incongruity of classifying two entirely different commodities under the same paragraph.

The protests are therefore overruled in all respects, and the finding of the collector is sustained.

SOMERVILLE, General Appraiser (concurring). I concur in the conclusion reached. The authorities bearing on the construction of said paragraph 263 and of the phrase "fruits preserved in sugar" are fully reviewed in the writer's opinion in Johnson's Case, G. A. 6,684 (T. D. 28,574).

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas M. Lane, of counsel), for the United States.

MARTIN, District Judge. This appeal involves the classification of apricot and strawberry pulp, cooked and hermetically sealed, and in my judgment there is no debatable ground for the application of any other paragraph than 262 and 263. The question presented is as to the meaning of "edible fruits * * * prepared in any manner," as defined in paragraph 262, or "fruits preserved * * * in their own juices," as defined in paragraph 263; or, in other words, is the cooking and hermetically sealing a preparation or a preservation?

"Preserves" has one meaning, while "preserved" has another. The cooking might be a preparation, but the hermetically sealing preserves the pulp from decay, not temporarily, but permanently, until opened, and in my opinion covers the articles involved in this appeal. I need not go further into the discussion, because it is so fully and fairly discussed by Judge Waite, speaking for the Board of General Appraisers, and I refer to his opinion and concur therein.

The decision of the Board of General Appraisers is affirmed.